**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND**

MINDA R. LYNCH *
8503 Welbeck Way
Montgomery Village, Maryland 20886 *

Plaintiff *

v. *

METROPOLITAN LIFE INSURANCE COMPANY *
A New York corporation
1095 Avenue of the Americas *
New York, New York, 10036
Serve: Legal Service *

And *

MAKELL PAULK * Case No.____________
7304 Austin St
Annandale, VA 22003

And *

TEDRIC PAULK *
1141 Van Loen Drive
Virginia Beach, Virginia 23453 *

Defendants

**COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF**

Comes now the Plaintiff, MINDA R. LYNCH, by and through her attorneys, Mitchell Alkon, Esquire and Alkon Law LLC, as well as Barbara Sosnick, Esquire, and files this Complaint and as grounds therefore state as follows:

*JURISDICTION AND VENUE*

1. This Court has jurisdiction over the matters raised in this Complaint pursuant to the Annotated Code of Maryland, Courts and Judicial Proceedings Article section 1-501.

A substantial portion of the events giving rise to the claim occurred, and a substantial part of the property the subject of this action is situated, in the State of Maryland, and this Court has in rem jurisdiction.

2. Venue in this Court is proper pursuant to the Annotated Code of Maryland, Courts and Judicial Proceedings Article, section 6-201 et seq.

PARTIES

3. Plaintiff Minda R. Lynch is a resident of Montgomery County, Maryland. Plaintiff is the widow of her late wife, Younzetta O. Paulk.

4. Younzetta O. Paulk ("Younzetta") was the wife of the Plaintiff. Younzetta died on June 16, 2016, in Montgomery County, Maryland.

5. Younzetta was a resident of Montgomery County, Maryland, at the time of her execution of the Beneficiary Designation (defined below) and at the time of her death.

6. At the time of her death, Younzetta was insured under a Metropolitan Life Insurance Company ("MetLife") Group Life Insurance policy bearing Group Policy number 0149114 ("the Policy"). MetLife" was the insurer of the Policy.

7. *MetLife is, upon information and belief, a corporation chartered under the* laws of the State of New York. MetLife regularly (i) transacts business and performs work and provides services in Maryland; (ii) contracts to supply services in Maryland; (iii) contracts to insure or acts as a surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within Maryland at the time the contract is made; and (iv) carries on a regular business and habitually engages in a vocation in Montgomery County, Maryland.

8. Tedrick Paulk is the adult son of Younzetta and, upon information and belief, a resident of Virginia Beach and a citizen of the Commonwealth of Virginia.

9. Makell Paulk is the adult daughter of Younzetta and, upon information and belief, a resident of Fairfax County and a citizen of the Commonwealth of Virginia

FACTS and ALLEGATIONS

10. On May 19, 2016, Younzetta executed, in Montgomery County, Maryland, a MetLife Beneficiary Designation ("the Beneficiary Designation") designating her spouse, the Plaintiff, as the sole beneficiary of the Policy. A copy of the Beneficiary Designation, redacted to remove the Plaintiff's social security number, is attached hereto as Exhibit A.

11. The Beneficiary Designation was delivered from Montgomery County to MetLife on May 19, 2016.

12. On June 16, 2016, Younzetta died. Thereafter, the Plaintiff submitted her claim on the Policy to MetLife and demanded payment; the Policy proceeds are payable to the Plaintiff in Montgomery County, Maryland, due to the validly executed Beneficiary Designation.

13. MetLife has refused to pay the Policy proceeds to the Plaintiff. By letter dated August 12, 2016, attached hereto as Exhibit B, MetLife contends that Younzetta's children, Tedric Paulk and Makell Paulk ("the Children"), are named as beneficiaries of the Policy by a prior beneficiary designation, dated September 14, 2013 ("the Prior Beneficiary Designation"). A copy of the Prior Beneficiary Designation, redacted to remove the Children's social security numbers, is attached hereto as Exhibit C.

14. MetLife further asserts that the Children have claimed that Younzetta was not in a condition to make the Beneficiary Designation and that the Beneficiary Designation is invalid.

15. Plaintiff strongly takes issue with the apparent claims of the Children, and asserts that the Beneficiary Designation signed by Plaintiff's wife on May 19, 2016 is legally valid and that there is insufficient evidence to support any claim to the contrary.

16. MetLife has advised that it cannot decide between the competing claims of the Plaintiff and the Children.

17. MetLife has refused to pay the Policy proceeds to the Plaintiff. MetLife has indicated that it is considering an interpleader action to permit a court to decide between the competing claims to the Policy's proceeds.

18. This is an action for declaratory judgment pursuant to Section 3-409 of the Courts and Judicial Proceedings Articles of the Annotated Code of Maryland, for the purpose of determining an actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

19. The controversy between the parties, as described above, is an actual controversy or a justiciable cause between the parties that involves the rights and liabilities of the parties and is within the jurisdiction of the Court.

20. Antagonistic claims are present between the parties, as the Plaintiff's right to the Policy's proceeds is being challenged by the Defendants. These claims will result in imminent and inevitable litigation.

21. A declaratory judgment by this Court will serve a useful purpose and terminate this controversy.

22. No statute provides a special form of remedy for this matter that could be followed in lieu of this declaratory judgment proceeding.

WHEREFORE, the Plaintiff requests that this Honorable Court grant judgment in favor of the Plaintiff on this Complaint and grant the following relief:

(i) That the Court determine and adjudicate the rights and liabilities of the parties with respect to the right to receive payment of the Policy's proceeds; and

(ii) That the Court determine and adjudicate that the Beneficiary Designation is valid and enforceable, and that the Plaintiff is the rightful payee of the Policy's proceeds; and

(iii) That the Court enter an Order requiring Defendant MetLife to pay the Policy's proceeds into the registry of this Court, and a further Order requiring the Clerk of this Court to pay these proceeds to the Plaintiff; and

(iv) That the Plaintiff be awarded attorneys' fees and costs; and

(v) That the Court grant such further relief as it deems just and proper.

Respectfully submitted,

Mitchell I. Alkon, Esquire
Alkon Law LLC
6110 Executive Blvd Ste 300
Rockville Maryland 20852
(240) 290 0913 (t)
(301) 231-8201 (f)
email: malkon@alkonlawfirm.com
Attorneys for the Plaintiff

Barbara E. Sosnick, Esq.
5425 Wisconsin Avenue
*Suite 600*
Chevy Chase, Maryland 20815
(202) 421-4821
Email: barbarasosnick@aol.com
Attorney for the Plaintiff